

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

NOV 0 5 2007

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

AIDA WALBORN,                          )
                                       )     Case No. 8:06-cv-00308
       Plaintiff,                  )
                                       )
vs.                                    )     **ORDER ON FINAL**
                                       )     **PRETRIAL CONFERENCE**
METZ BAKING COMPANY, L.L.C.,           )
                                       )
       Defendant.                  )

A final pretrial conference was held on the 5th day of November, 2007. Appearing for the parties as counsel were: Howard Epstein and Ari Riekes, for the plaintiff; Kelly Brandon and Jeannie DeVeney, for the defendant.

    **(A)**   **Exhibits.** See attached Exhibit Lists.

    The parties have asserted hearsay objections to some of the exhibits. These objections are intended to object to hearsay within the document. The parties stipulate that those exhibits are business records within the meaning of Fed.R.Evid. 803(6).

    **(B)**   **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

    1.    Ms. Walborn is Filipino.

    2.    Ms. Walborn worked for Metz at its Bellevue plant from April 7, 1995 to September 9, 2004.

    3.    Ms. Walborn worked as a production worker on various shifts throughout her tenure with Metz.

    4.    Donna Adams, Judy Aquino, Elly Carol, Maria Lazcano, Linda McAdams, Beverly McIntosh, and Vivian Streeter were all production workers at the plant at one time or another during the time Ms. Walborn was employed at Metz.

    5.    Each production line at the Bakery has a foreperson.

6.      Forepersons do not have the authority to hire, fire, or discipline employees. They do not conduct performance evaluations and have nothing to do with employee raises.

7.      During the time Ms. Walborn worked at Metz, Tammy Rose and Homer Jackson were both working forepersons and members of the union.

8.      During a part of the time that Ms. Walborn worked at Metz, Tammy Rose was the foreperson on her line.

9.      Ms. Walborn also filled in as a substitute foreperson during part of the time she worked at Metz.

10.     Forepersons report to company supervisors, also known as "blue hat" supervisors.

11.     "Blue hat" or company supervisors are the first level of employee at the Bakery who are not a part of the union.

12.     Ken Martin and Duane Place were Blue hat or company supervisors who supervised Ms. Walborn during part of the time Ms. Walborn was employed at Metz.

13.     Richard Kruse was an engineering supervisor at the time of Ms. Walborn's termination.

14.     Stacey Strong was an employee in the Human Resources department at the time of Ms. Walborn's termination. She worked on site at the Bakery.

15.     Todd Lightner was a Regional Human Resources Manager at the time of Ms. Walborn's termination. He worked out of St. Louis at the time.

16.     Steve Horton was the plant manager at the time of Ms. Walborn's termination.

17.     The union contract, which governed Ms. Walborn's employment with Metz, provides that employees may be discharged for dishonesty at any time.

18.     The Company Rules and Good Manufacturing Practices (GMP's) that were in effect at the time of Plaintiff's termination provide: "No bakery product or company property is to be removed from the plant without proper authorization."

19.     Ms. Walborn received a copy of the GMP's.

20.     During the time that Ms. Walborn worked for Metz, Mr. Lightner did not know her race or national origin. He has never met Aida Walborn.

2

21.    Metz is aware of two other employees taking product without proper authorization. In both instances, Metz decided to discharge the employees. One of these employees was African American. The other was Caucasian.

**(C)    Controverted and Unresolved Issues.**[1] The issues remaining to be determined and unresolved matters for the court's attention are:

1.    Whether Ms. Walborn suffered a hostile working environment based upon her race or national origin that was sufficiently severe or pervasive to alter a term or condition of Ms. Walborn's employment, subjectively and objectively.

2.    **Whether Ms. Rose called Ms. Walborn a fucking Filipino.**

3.    **Whether Tammy Rose treated Ms. Walborn differently because of her race or national origin.**

4.    Whether Ms. Walborn complained to *a non-union* employee that Tammy Rose was harassing Ms. Walborn based upon Ms. Walborn's race or national origin.

5.    Whether Metz knew or should have known of the racial or national origin harassment.

6.    What level of employee must have knowledge (or should have had knowledge) in order to trigger Metz's duty to take action.

7.    If Metz knew or should have known of the racial or national original harassment, whether Metz failed to take prompt, remedial action aimed at ending the harassment.[2]

8.    **Whether forepersons have the authority to forward complaints concerning hostile work environments and discrimination.**

9.    **Whether forepersons have supervisory responsibilities over employees working on their lines.**

---

[1] The portions of this section that are in bold are portions to which Defendant objects. Defendant does not understand this section to be the place to list all facts that may arise at trial, but rather to list the elements that are disputed. In addition, Defendant objects to Plaintiff's attempt to belatedly raise a retaliatory harassment claim. The portions of this section in italics are those to which Plaintiff objects.

[2] Metz contends that the harassment at issue in this case is co-worker harassment (rather than supervisor harassment). If the Court determines otherwise, then Metz would assert the affirmative defenses outlined in the *Faragher* and *Ellerth* cases.

3

10.    **Whether, though a working foreman, Homer Jackson was also a line supervisor who had greater responsibilities than Tammy Rose.**

11.    **Whether Homer Jackson, at times, supervised Aida Walborn.**

12.    **If an employee felt he or she was being harassed, whether it would be reasonable for the employee to lodge a complaint with Ken Martin, Duane Place, and/or Homer Jackson.**

13.    **If Ken Martin, Duane Place, and/or Homer Jackson received a complaint of harassment, each would have a duty to forward the complaint to his immediate supervisor, the plant manager, the human resources department, and/or the regional human resources department.**

14.    **Whether an employee's complaint of harassment to Ken Martin, Duane Place, and/or Homer Jackson is sufficient to put the company on notice of such complaint.**

15.    **Whether Plaintiff was warned that if she complained she would be terminated.**

16.    **Whether Ms. Walborn complained to any supervisor, production supervisor, plant manager, or human resources employee that Tammy Rose was harassing Ms. Walborn based upon Ms. Walborn's race or national origin.**

17.    Whether Ms. Walborn suffered any damage due to harassment and/or **retaliatory harassment** based upon her race or national origin and, if so, to what extent.

18.    **Whether Ms. Walborn suffered a hostile work environment in retaliation for her complaints of harassment based upon race or national origin.**

19.    **Whether Ms. Rose's hostile work environment included but was not limited to a scheme to have Ms. Walborn terminated for theft of company product.**

20.    **Whether Ms. Rose's retaliatory hostile work environment based upon Ms. Walborn's complaints of harassment included, but was not limited to, a scheme to have Ms. Walborn terminated.**

21.    Whether Todd Lightner made the decision to terminate Ms. Walborn's employment because she complained that Tammy Rose was harassing her based upon her race or national origin.

22.    Whether Ms. Walborn's employment was terminated because she complained that Tammy Rose was harassing her based upon her race or national origin.

4

23.    Whether Metz had a legitimate, non-discriminatory and non-retaliatory reason for Ms. Walborn's discharge.

24.    Whether Metz's reason for Ms. Walborn's discharge was a pretext for discrimination or retaliation.

25.    Whether Todd Lightner made the decision to terminate Ms. Walborn's employment because of her race or national origin.

26.    Whether Metz would have made the decision to terminate Ms. Walborn's employment even in the absence of any impermissible consideration.

27.    **Whether as a Filipino, Ms. Walborn is a member of a protected class under Title VII, FEPA, and 42 U.S.C. § 1981 based upon her race, color, and national origin.**

28.    **Whether Ms. Rose granted Ms. Walborn permission to take product out of the plant.**

29.    **Whether Ms. Rose granted other employees permission to take product out of the plant.**

30.    **Whether Ms. Rose had actual or apparent authority to grant permission to other employees to take product out of the plant.**

31.    **Whether Ms. Walborn reasonably believed that Ms. Rose had the authority to grant permission to employees to take product out of the plant.**

32.    **Whether, based upon information from the Omaha plant, Todd Lightner made the decision to terminate Ms. Walborn's employment. At the time he made this decision, Mr. Lightner did not know Ms. Walborn's race or national origin.**

33.    **Whether, but for Ms. Rose's harassment of Ms. Walborn, Ms Walborn would not have been terminated.**

34.    **Whether but for Ms. Rose's harassment in retaliation of Ms. Walborn's complaints of harassment, Ms. Walborn would not have been terminated.**

35.    **Whether Ms. Walborn was allowed to have a union representative when Plaintiff was discipline for allegedly taking product from the plant.**

5

36.    **Whether Ms. Walborn's race and color were determining facts in Ms. Walborn's harassment, hostile work environment and retaliatory hostile work environment.**

37.    Whether Ms. Walborn was damaged because of her termination and, if so, to what extent.

38.    For what period of time Ms. Walborn should be permitted to recover front pay, if any.

39.    Whether Ms. Walborn appropriately mitigated her damages.

40.    Whether Ms. Walborn can recover for conduct that allegedly occurred before April 2002.

41.    Whether Ms. Walborn is entitled to punitive damages and, if so, in what amount.

42.    Whether Ms. Walborn is not entitled to punitive damages because Defendant made a good faith effort to comply with the law.

43.    Whether any award of punitive damages violates Defendant's Constitutional rights.

44.    Whether Ms. Walborn is entitled to recover for any conduct or alleged conduct that occurred before April, 2002.

45.    Whether Ms. Walborn is entitled to attorneys' fees and, if so, in what amount.

46.    Various evidentiary issues, many of which will be addressed in motions in limine.

**(D)    Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Expected to be present at trial:

1.  Aida Walborn, 1117 Willow Avenue, Bellevue, NE  68005.
2.  Donna Adams, 8414 27th Avenue, Beaver Lake, NE  68048.
3.  John Broderson, 1414 S. 167th Street, Omaha, NE  68130.
4.  Judy Aquino, 2806 Columbus Avenue, Bellevue, NE  68005.
5.  Maritess Tinsley, 14104 S. 35th Street, Bellevue, NE  68123.
6.  Tammy Rose, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE  68005.
7.  Dick Walborn, 1117 Willow Avenue, Bellevue, NE 68005.

6

8. Records custodian for plaintiff's subsequent employer (if defendant does not agree to stipulate).

May call if the need arises:

1. Duane Place, 2279 Road 550, Bladen, NE 68928.

2. Stacey Strong, 2421 E. S. 21st Street, Fremont, NE 68025.

All witnesses expected to be called to testify by defendant, except those who may be called

for impeachment purposes as defined in NECivR 16.2(c) only, are:

Expected to be present at trial:

1. Walter Burton, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

2. Elly Carrol, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

3. Homer Jackson, 4016 N. 44th Street, Omaha, NE 68111.

4. Richard Kruse, 17602 U Street, Omaha, NE 68135.

5. Maria Lazcano, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

6. Linda McAdams, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

7. Beverly McIntosh, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

8. Ban Mayberry, 4603 Fontanelle Boulevard, Omaha, NE 68111

9. Bernie Meyers, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

10. Duane Place, 2279 Road 550, Bladen, NE 68928.

11. Connie Radcliff, NEOC, 1313 Farnam Street, Omaha, NE 68102.

12. Tammy Rose, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

13. Kandace Shirley, NEOC, 1313 Farnam Street, Omaha, NE 68102.

14. Vivian Streeter, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

15. Stacey Strong, 2421 E. S. 21st Street, Fremont, NE 68025.

16. Michael Tuttle, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

17. Demetrius Williams, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

May call if the need arises:

7

1. Donna Adams, 8414 27th Avenue, Beaver Lake, NE 68048.

2. Kathy Belitz, Nesco Resource, 2819 S. 125th Avenue, Omaha, NE 68144.

3. Vicki Conway, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

4. Tom Jost, Griffin Personnel Group, 2299 Technology Drive, Suite 200, O'Fallon, MO 63368.

5. Tracy Montgomery, 3052 S. Bonn Avenue, Wichita, KS 67217.

6. Bridget Myler, ConAgra Frozen Foods Facility, 1023 4th Street, Council Bluffs, IA 51503.

7. Marissa Pepper, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

8. Jody Ploughman, c/o Sara Lee, 1310 Fort Crook Road North, Bellevue, NE 68005.

9. Scott Simon, 3131 N. 70th Street, Apt. 2078, Scottsdale, AZ 85251.

10. Dick Walborn, 1117 Willow Avenue, Bellevue, NE 68005.

11. Althea Watkins, 7825 Crown Point, Omaha, NE 68134.

12. Witnesses listed by Plaintiff.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E)    Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are: None.

Experts to be called by defendant and their qualifications are: None.

8

**(F)    Depositions and Other Discovery Documents.** The plaintiff expects to offer the

following depositions and other discovery documents as part of the plaintiff's case-in-chief:

Deposition of Ken Martin (May 2007):

> 5:8-19
> 6:10-7:14
> 7:23-8:17
> 9:1-10:9
> 10:20-11:6
> 12:14-13:13
> 13:17-15:6
> 17:21-18:19:18
> 20:9-20
> 21:14-22:1
> 22:10-23:1
> 28:20-30:3
> 30:16-31:7

Objections by defendant are:

> 12:25-13:13   Relevance/Foundation
> 17:21-18:4    Hearsay
> 30:16-31:1    Hearsay

Defendant does not object to the remainder of the designations so long as Defendant may

make the following counterdesignations:

> 10:10-19
> 13:14-16
> 15:7-17:20
> 20:21-21:13
> 23:2-12
> 23:20-16

Trial Deposition of Ken Martin (October 2007):

> 6:1-5
> 7:21-9:15
> 9:21-10:12
> 11:16-19
> 13:15-21

9

14:19-24
15:3-19
18:5-13
19:1-10
19:16-22:1
22:8-24:12
24:18-25:21
26:3-16
26:21-27:9
30:6-31:5

Objections by Defendant are:

| | |
|---|---|
| 23:24-24:6 | Hearsay |
| 24:7-24:12 | Hearsay |
| 30:6-31:5 | Hearsay |

Defendant's Counterdesignations:

19:13-15
22:2-7
26:17-20

## Trial Deposition of Todd Lightner:

14:15-25
29:9-10
31:1-25
32:20-33:23
35:8-36:20
37:3-37:17
39:12-40:2
41:6-19

Objections by Defendant are:

31:24-25     Partial Question

Defendant's Counterdesignations:

36:21-27:2
40:17-41:6

## Deposition of Steve Horton

## Unknown at this time

10

Objections by the Defendant are:3

40:22-25 – Form as to the phrase "tipped off"/Foundation
16:16-18 – Form (legal conclusion/vague re: authority)
47:23-24 – Form (legal conclusion/vague re: authority)
49:3 – Form –Martin testimony is mischaracterized (See Martin Trial Depo. 24:21-25:9)
50:4-5 – Hearsay/Form
50:10-13 – Hearsay/Form/Foundation
52:11-13 – Foundation/Hearsay
55:19-22 – Foundation/Form

The plaintiff may offer the following depositions as part of the plaintiff's case in chief only if

the respective witnesses are unavailable. The parties have agreed to reserve objections to these

designations at this time because the witnesses are expected to be available.

Deposition of Dwayne Place:

5:11-20
8:9-23
10:13-14:17
16:3-25
17:14-25
18:23-19:7
20:25-21:23
23:24-24:7
26:6-27:9
28:6-29:14
32:1-32:13

Deposition of John Brodersen:

5:8-12
8:11-9:22
15:18-16:25
17:6-20:4
20:12-14
27:11-21
28:21-24
29:5-14

---

3 These objections are wholly dependent on Plaintiff's Designations

11

30:13-31:9
32:10-35:10
35:18-36:13
36:14-37:7
37:19-38:5
39:17-41:20
42:11-23
43:3-44:10
45:13-25
48:19-50:16
50:20-52:23
53:12-22
54:13-23
57:4-24

## Deposition of Judy Aquino

5:9-6:6
6:10-22
8:16-18
14:15-23
15:12-13
16:16-24:18
25:4-5
25:22-27:25
28:3-29:22
32:25-34:23
35:3-37:24
42:4-44:4
45:5-46:25
48:10-25
49:8-56:3
67:9-72:4
87:11-88:7
88:22-93:11
106:2-107:19
108:12-117:17
118:2-119:24
120:11-122:2
122:17-124:21
125:1-127:1

## Deposition of Donna Adams:

12

5:8-16
6:1-11
11:10-12:21
21:14-22:3
22:24-24:4
24:17-26:1
26:15-29:7
31:1-33:2
33:8-34:2
34:8-35:25
37:20-38:3
39:24-42:9
44:4-15
50:23-51:13
51:21-54:13
54:19-56:13
57:23-58:13
60:25-63:6

## Deposition of Maritess Tinsley:

5:9-24
7:14-8:1
11:2-9
14:1-19:10
20:5-21:4
25:6-8
27:6-29:21
32:7-36:2
36:20-37:1
38:15-43:6
49:1-14
53:4-21
71:18-73:2
73:15-24
74:7-13
74:25-75:20

## Deposition of Aida Walborn:

15:3-11
20:9-13
47:14-48:24

13

51:19-52:11
58:23-59:15
69:15-70:24
71:1-72:24
76:15-24
77:2-80:17
81:10-20
84:8-20
88:9-22
89:15-24
109:20-110:20
112:3-16
119:15-122:23
123:10-23
124:17-127:2
130:22-131:23
132:12-137:14
137:16-138:18
140:4-24
142:4-24
142:25-143:17
146:6-11
148:21-150:2
150:11-151:25
155:4-7
155:17-156:6
156:20-157:1
157:4-158:3
173:20-175:25
176:9-15
184:21-24
197:17-200:10
234:15-24
234:25-235:5
235:11-238:5
238:16-242:13
250:3-251:24
252:15-254:4
258:15-260:20
261:9-262:9
264:4-15
269:10-13

272:23-273:15
273:22-276:12
308:24-310:8
311:25-312:4
314:5-315:12
316:2-318:10
318:20-320:16
320:17-322:8
322:17-324:9
325:25-327:1
328:9-332:19
337:25-339:18
341:11-341:25
342:3-343:1
344:7-345:7
348:7-349:15
351:3-352:17
355:16-356:24

## Deposition of Dick Walborn:

4:9-9:1
9:19-11:4
13:11-15:7
17:8-18:2
18:5-24
20:15-21:4
22:5-24
24:4-10
25:21-29:11
29:16-31:11
32:5-34:4
34:22-35:8
36:20-37:24
41:20-42:9

## Deposition of Tammy Rose:

21:6-19
36:16-37:10
38:9-15
45:5-46:6
49:23-51:21

15

73:25-74:5
87:24-88:19
89:12-90:15
92:1-92:11

Deposition of Homer Jackson:

11:12-20
19:12-22
20:11-20
25:21-26:12
31:11-20
44:9-19

The defendant expects to offer the following depositions and other discovery documents as

part of the defendant's case-in-chief:

Plaintiff's Answers to Interrogatory Nos. 1 and 4.

Plaintiff objects on the basis of hearsay and relevancy.

Deposition of Plaintiff:

52:1-53:8
124:17-128:1
200:1-10
229:18-233:1
235:15-236:17
256:24-257:1
260:15-260:20
260:21-261:18
275:12-22
299:21-300:6
312:5-313:8

Plaintiff objects to all designations on the grounds of hearsay.

Trial Deposition of Todd Lightner:

5:5-8:11
8:20-9:3
9:12-13:8

16

13:15-15:25
16:5-12
16:17-17:11
17:15-19:8
19:13-20:10
20:18-22:22
23:1-15
23:17-24:16
24:21-30:21

Plaintiff objects to the question at 23:13 on the grounds of relevancy.

Trial Deposition of Ken Martin:

5:25-6:5
7:2-11:19
12:1-15:22
15:25-16:10
16:17-18:20
28:16-29:10
29:14-30:2[4]

Plaintiff's Objections are:

16:23-17:1      Relevance

Trial Deposition of Steve Horton:

5:20-19:10
19:15-25
20:4-9
20:13-23:5
23:10-24:3
24:23-30:19
30:23-32:4
32:10-32:24
33:4-34:13
34:20-35:13
35:21-36:21
51:21-53:13
54:7-54:21
55:7-15

---

[4] As more fully explained in Defendant's Motion in Limine, Defendant objects to testimony by Ken Martin regarding what John Broderson says. Defendant designates this testimony only if this objection is overruled.

59:6-62:23

Objections by the plaintiff are:
Unknown to-date – Will be supplemented.

(G)   **Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:  juror examination shall be conducted by the parties' counsel.  The court shall supplement the examination by such further inquiry as it deems proper.

(H)   **Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of ~~10~~ 12 members ~~with two alternates. The parties propose that the alternates deliberate regardless of whether other jurors have to leave~~.   *11/5/07*

(I)   **Verdict.**  The parties will not stipulate to a less-than-unanimous verdict.

(J)   **Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:  proposed jury instructions shall be filed on or before November 9, 2007.  The parties do intend to file condensed trial briefs on certain issues only because of the recently filed summary judgment briefing.

(K)   **Length of Trial.**  Counsel estimate the length of trial will consume not less than three days, not more than five days, and probably about four days.

(L)   **Trial Date.**  Trial is set for November 13-16, 2007 and November 19, 2007, if necessary.

18

AIDA WALBORN, Plaintiff

By: _____

Howard N. Epstein, #21173
Marks Clare & Richards, LLC
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154-
(402) 492-9800
(402) 492-9336 (FAX)
hepstein@mcrlawyers.com

and

By: _____

Ari D. Riekes, #23096
Marks Clare & Richards, LLC
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154-
(402) 492-9800
(402) 492-9336 (FAX)
ariekes@mcrlawyers.com

METZ BAKING COMPANY, L.L.C., Defendant

By: _____

Kelly K. Brandon, #20734
Spencer Fane Britt & Browne LLP
9420 Underwood Avenue, Suite 200
Omaha, NE 68114-6608
(402) 965-8600
(402) 965-8601 (FAX)
kbrandon@spencerfance.com

and

By: _____

Jeannie M. DeVeney

19

Spencer Fane Britt & Browne LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, KS 66210-2005
(913) 345-8100
(913) 345-0736
jdeveney@spencerfane.com

BY THE COURT:

F.A. Gossett
Unites States Magistrate Judge

20

FILED
US DISTRICT COURT·
DISTRICT OF NEBRASKA

NOV 0 5 2007

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AIDA WALBORN,                    )
                                 )
          Plaintiff,             )        **DEFENDANT'S**
                                 )        **LIST OF EXHIBITS**
vs.                              )
                                 )        Case Number:        8:06-cv-00308
METZ BAKING COMPANY, L.L.C.,     )        Courtroom Deputy:   Cathy Parrish
                                 )
          Defendant.             )

Trial Dates: November 13-16, 2007

_NOTE_: Exhibits appearing in **bold type** below _may_ be offered.

| EXHIBIT NO. | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DF** | **DESCRIPTION** | **OFF** | **OBJ** | **RCVD** | **NOT RCVD** | **DATE** | |
| **A01** (Last page is PL's #105) | **Job Description, Machine Operator-2004 (Deposition Exhibit ("Depo. Ex.") 11); Job Description, Machine Operator-2002** | | | | | | |
| **A02** (PL's #104) | **6/2000 Harassment Prevention Policy (Depo. Ex. 10)** | | | | | | |
| **A03** (PL's #120) | **6/2000 EEO Policy (Depo. Ex. 46)** | | | | | | |
| **A04** (PL's #102) | **4/1995 Receipt of Harassment Policy (Depo. Ex. 8)** | | | | | | |
| **A05** (PL's #103) | **Company Rules and Good Manufacturing Practices (GMP's) (Depo. Ex. 9)** | | | | | | |
| **A06** | **Training Record: GMP's (Depo. Ex. 7)** | | | | | | |
| **A07** | **Portion of Union Contract** | | | | | | |
| **A08** (PL's #106) | **Union Contract (Depo. Ex. 12)** | | | | | | |
| **A09** | 3/14/97 Notes of meeting with Plaintiff re: sexual misconduct (Depo. Ex. 18) | | R, H, O=403 | | | | |

**OBJECTIONS**
     R: Relevancy
     H: Hearsay
     A: Authenticity
     O: Other (specify)

OM 19088.1

| DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| #10 | 7/7/97 Voluntary Statement from Plaintiff | | R, H, O=403 | | | |
| #11 | 11/30/97 Note to Ron Dube *(Depo. Ex. 19)* | | R, H, O=403 | | | |
| #12 | 12/1/97 Notes re: altercation between Plaintiff and Elly Carrol *(Depo Ex. 17)* | | R, H, O=403 | | | |
| #13 | Notes (undated) re: altercation between Plaintiff and Elly Carrol (SL1/0287) | | R, H, O=403 | | | |
| #14 | 12/4/97 Last Chance Agreement *(Depo. Ex. 20)* | | R, H, O=403 | | | |
| #15 | 11/7/00 Notes of meeting with James Gooden, Plaintiff, et al. | | R, H, O=403 | | | |
| #16 | 11/7/00 Written warning to Plaintiff for not completing tasks *(Depo. Ex. 22)* | | R, H, O=403 | | | |
| #17 | 11/29/00 Verbal warning to Plaintiff re: wearing apron depicting nude man *(Depo. Ex. 23)* | | R, H, O=403 | | | |
| #18 | 7/22/01 Email from Bernie Meyers | | R, H, O=403 | | | |
| #19 | NOT USED | | | | | |
| #20 (PL's #107) | 11/5/02 Note from Plaintiff to drop out of union *(Depo. Ex. 13)* | | | | | |
| #21 (PL's #111) | 3/19/03 verbal warning to Tammy Rose re: use of vulgarity *(Depo. Ex. 32)* | | | | | |
| #22 | 9/7/04 Discipline Notice to DeMarlon Traylor and supporting documentation | | R, H, O=403 | | | |
| #23 | 9/8/04 Written warning to Plaintiff and attachment *(Depo. Ex. 26)* | | R, H, O=403 | | | |
| #24 | 9/9/04 Statement of Richard Kruse *(Depo. Ex. 43)* | | H, O= best evidence | | | |
| #25 | 9/10/04 Notice to Plaintiff re: termination | | | | | |
| #26 (First page is PL's #109) | 9/13/04 Letter to Plaintiff *(Depo. Ex. 27)* and certified mail documents | | | | | |
| #27 | Plaintiff's original Charge of Discrimination *(Depo. Ex. 3)* | | R, O=403 H | | | |
| #28 | 2/16/05 Letter from NEOC | | | | | |
| #29 (PL's #101) | Plaintiff's Amended Charge of Discrimination *(Depo. Ex. 4)* | | | | | |

2

OM 19088.1

| DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| A30 | 1/13/05 Email from Steve Horton (Depo. Ex. 40) | | H, O= best evidence | | | |
| A31 | NEOC Intake Contact Form | | H, R 4/03 | | | |
| A32 | NEOC Intake Notes | | H, R 4/03 | | | |
| A33 | NEOC Rebuttal Interview Summary by Connie Radcliff | | | | | |
| A34 | Statement of Steve Horton | | H, O= best evidence | | | |
| A35 | Statement of Tammy Rose | | H, O= best evidence | | | |
| A36 (PL's #118) | Statement of Homer Jackson (Depo. Ex. 42) | | H, O= best evidence | | | |
| A37 (PL's #115) | Statement of Stacey Strong (Depo. Ex. 37) | | | | | |
| A38 | Statement of Tammy Rose (Depo. Ex. 41) | | H, O= best evidence | | | |
| A39 | NEOC Witness Interview of Duane Place | | H, R=403 | | | |
| A40 | 1/13/04 Report re: James Gooden incident | | R, H | | | |
| A41 | Craig Orr Notice of discharge | | R, H | | | |
| A42 | 4/2005 Richard Farris Notice of discharge and supporting documentation | | R, H | | | |
| A43 | NOT USED | | | | | |
| A44 | 10/3/05 Global Compliance disposition (Depo. Ex. 36, pp. 3-4)** | | H, O= specula-tive | | | |
| A45 | 9/26/05 Global Compliance investigation notes (Depo. ex. 36, p.5)** | | H, O= specula-tive | | | |
| A46 | Griffin Personnel Group Reference Check re: Tammy Rose** | | H, R, O= character | | | |
| A47 (PL's #116) | NOT USED | | | | | |
| A48 (PL's #116) | NOT USED | | | | | |

**Defendant is objecting to the admissibility of any post-termination Global Business Practices Complaints relating to Tammy Rose. In the event the Court determines that the complaints are admissible, Defendant would offer this exhibit.

OM 19088.1

| DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| 449 (PL's #116) | 10/2005 Global Compliance investigation notes (Depo. Ex. 38, pp. 7-8)** | | | | | |
| 450 (PL's #116; #121) | 9/2005 Typed investigation notes of complaint re: racial remarks (Depo. Ex. 38, p. 9)** | | | | | |
| 451 (PL's #116) | 10/19/05 Global Compliance disposition re racial remarks (Depo. Ex. 38, pp. 5-6)** | | | | | |
| 452 (PL's #117) | NOT USED | | | | | |
| 453 (PL's #117) | 11/29/05 Memo by Mike Tuttle (Depo. Ex. 39, p. 3)** | | H | | | |
| 454 | NOT USED | | | | | |
| 455 | 2/21/07 Investigation Final Report** | | H | | | |
| 456 | NOT USED | | | | | |
| 457 (PL's #117) | 1/10/05 Email by Duane Place (Depo. Ex. 39, p. 4) | | | | | |
| 458 (PL's #139) | Plaintiff's Application (with interview notes) to Nesco Resource (Depo. Ex. 14) | | H | | | |
| 459 | 7/9/04 Earnings Statement of Plaintiff | | | | | |
| 460 | 4/22/05-5/07/05 Payroll Earnings of Plaintiff (Nesco) | | | | | |
| 461 (PL's #108) | Plaintiff's Employment Application to ConAgra (Depo. Ex. 15) | | | | | |
| 462 | ConAgra Interview Guide (Depo. Ex. 30) | | H, R | | | |
| A63 | 7/14/06 Documented Conversation from ConAgra (Depo. Ex. 29) | | H, R, O=403 | | | |
| 464 | Lancer Label Performance Coaching Plan re: Plaintiff's altercation with another employee (Depo. Ex. 28) | | H, R, O=403 | | | |

**Defendant is objecting to the admissibility of any post-termination Global Business Practices Complaints relating to Tammy Rose. In the event the Court determines that the complaints are admissible, Defendant would offer this exhibit.

4

OM 19088.1

| DF | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| #65 (p. 57 is PL's #123) | 8/2002-12/2004 Earnings Statements of Plaintiff | | | | | |
| #66 (Last page is PL's #127) | 5/2006-9/2006 Earnings Statements of Plaintiff (ConAgra) | | | | | |
| #67 | 11/2/04 Plaintiff's refund from stock purchases | | | | | |
| #68 | 3/10/04 Bellevue Police Department records re: incident reported by Plaintiff | | H, R | | | |
| #69 | Plaintiff's Answers to Interrogatories, Nos. 1 and 4 (11/6/06) | | R, O= best evidence | | | |
| | Updated damages information to be produced by Plaintiff | | | | | |
| (PL's #134 – bag of buns) | Demonstrative exhibits, including but not limited to a bag of buns and wicket of bags | | | | | |
| | Exhibits listed by Plaintiff | | | | | |

METZ BAKING COMPANY, L.L.C., Defendant.

By:  /s/Kelly K. Brandon

Kelly K. Brandon, #20734
SPENCER FANE BRITT & BROWNE LLP
9420 Underwood Avenue, Suite 200
Omaha, NE 68114-6608
(402) 965-8600
(402) 965-8601 (FAX)
kbrandon@spencerfane.com

and

Jeannie M. DeVeney
SPENCER FANE BRITT & BROWNE LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, KS 66210-2005
(913) 345-8100
(913) 345-0736 (FAX)
jdeveney@spencerfane.com

ATTORNEYS FOR DEFENDANT

5

OM 19088.1

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

NOV 0 5 2007

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AIDA WALBORN, )
)
Plaintiff, )
) **PLAINTIFF'S**
v. ) **LIST OF EXHIBITS**
)
METZ BAKING COMPANY, L.L.C., ) Case No. 8:06-CV-00308
) Courtroom Deputy: Cathy Parrish
Defendant. )

Trial Dates:    November 13-16, 2007

*NOTE: Exhibits appearing in bold type below may be offered.*

| PL EXHIBIT NO. | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| 401 (DF's #429) | Walborn's Amended Charge of Discrimination to NEOC (Deposition Exhibit ("Depo. Ex.") 4) | | | | | |
| 402 (DF's #404) | Walborn's signed Receipt of Metz Baking Company's Harassment Policy (Depo. Ex. 8) | | | | | |
| 403 (DF's #405) | Sara Lee Bakery Group GMPs (Depo. Ex. 9) | | | | | |
| 404 (DF's #402) | Sara Lee Bakery Group - Human Resources Policy effective January 2000 (Depo. Ex. 10 | | | | | |
| 405 (p. 2 of DF's #401) | Job Description - Job/Process Title: Roseville Machine Operator - Bun (Depo. Ex. 11) | | | | | |
| **406 (DF's #408)** | **Union Agreement between Sara Lee and AFL-CIO Local No. 433 (Depo. Ex. 12) (in particular, wage rates, p. 13; pension, pp. 24-25; anti-discrimination policy, p. 27; regular time and overtime circumstances, pp. 9-10; definition of working for a** | | | | | |

OBJECTIONS
  R:  Relevancy
  H:  Hearsay
  A:  Authenticity
  O:  Other (specify)

1

| PL EXHIBIT NO. | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| | person, p. 12; and appeal of discharge, p. 18) | | | | | |
| 407 (DF's #420) | Notice to drop out of Union (dated 11-5-02) (Depo. Ex. 13) | | | | | |
| 708 (DF's #461) | 6/6/05 Walborn's Conagra Food Application (Depo. Ex. 15) | | | | | |
| 409 (p. 1 of DF's #426) | Walborn's Termination Letter from Stacey Strong 9-13-04 (Depo. Ex. 27) | | | | | |
| 710 | Handwritten Map of Index Station (Depo. Ex. 31) | | | | | |
| 411 (DF's #421) | Corrective Discipline Action Notice Re: Rose Vulgarity (Depo. Ex. 32) | | | | | |
| 712 | Handwritten Note Re: Tammy Rose (Depo. Ex. 33) | | R, H, O=403 | | | |
| 413 (DF's #419) | Montgomery's Note Re: Walborn Complaint (Depo. Ex. 34) | | R, H, O=403 | | | |
| 414 | Donna Adams Affidavit (Depo. Ex. 35) | | H, R, O=403 | | | |
| 715 (DF's #437) | Stacey Strong Note Re: Walborn and Buns (Depo. Ex. 37) | | | | | |
| 716 (p. 2-3 of DF's #447; DF'S #448-451) | Anonymous 8/24/05 Complaint Against Rose (Depo. Ex. 38) | | H, R, O=403 | | | |
| 717 (DF's #452-#453; #457) | Anonymous 11/11/05 Complaint Against Rose Re: Racism (Depo. Ex. 39) | | H, R, O=403 | | | |
| 718 (DF's #436) | Homer Jackson Statement (Depo. Ex. 42) | | | | | |
| 419 | Brodersen Affidavit (Depo. Ex. 45) | | H, R, O=403 | | | |
| 420 (DF's #403) | Defendant's Human Resources Policies (Depo. Ex. 46) | | | | | |
| 421 (DF # 450) | Written Report Re: Aquino's Complaint (Depo. Ex. 47) | | | | | |
| 422 | Judy Aquino Affidavit (Depo. Ex. 48) | | H, R, O=403 | | | |
| 423 (p. 57 of | Walborn's Wage Information from Sara Lee - Pay Date | | | | | |

**OBJECTIONS**

R:   Relevancy
H:   Hearsay
A:   Authenticity
O:   Other (specify)

2

| PL EXHIBIT NO. | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| DF's #465) | 9/5/03 | | | | | |
| 124 | Walborn's Pension Information from Sara Lee Union | | | | | |
| 125 | Walborn's 2004 Tax Return | | | | | |
| 126 | Walborn's 2003 Tax Return | | | | | |
| 127 (Last page of DF's #466) | Walborn's 9/8/06 Earnings Statement - Conagra | | | | | |
| 128 | Walborn's 2005 Tax Return [to be provided] | | | | | |
| 129 | Walborn's 2006 Tax Return [to be provided] | | | | | |
| 130 | Walborn's Other Benefits from Sara Lee [to be provided] | | | | | |
| 131 | Walborn's Updated Wage Information from Current Job at Sara Lee (Rates in 2006, 2007, etc.) | | | | | |
| 132 | Defendant Sara Lee's Updated Current Benefit, and Pension Information [to be provided] | | | | | |
| 133 | Updated Damages Information to be Produced by Walborn [to be provided] | | | | | |
| 134 | Demonstrative Exhibits, including, but not limited to, a bag of buns | | TBD | | | |
| 135 | Demonstrative Exhibit to Summarize Plaintiff's Damages | | TBD | | | |
| 136 | Exhibits Listed by Defendant | | | | | |
| 137 | Life Expectancy Tables from Nebraska Statutes | | | | | |
| 138 | NEOC Determination | | R, H, O-403 | | | |
| 139 | NESCO Job Application | | | | | |

OBJECTIONS
R:   Relevancy
H:   Hearsay
A:   Authenticity
O:   Other (specify)

3

| PL EXHIBIT NO. | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|
| (DF's #458) | (Depo. Ex. 14) | | | | | |
| 440 | Affidavit of Maritess Tinsley | | H, R, O=403 | | | |
| 441 | Walborn's wages and other benfits from her current employer | | TBD | | | |

AIDA WALBORN, Plaintiff

By:  /s/ Ari D. Riekes
  Ari D. Riekes, #23096
  Howard N. Epstein, #21173
  MARKS CLARE & RICHARDS, L.L.C.
  11605 Miracle Hills Drive, Suite 300
  P.O. Box 542005
  Omaha, Nebraska 68154-8005
  (402) 492-9800
  ATTORNEYS FOR PLAINTIFF

Y:\WDOX\CLIENTS\15537\001\plea\EA8110.DOC

OBJECTIONS
  R: Relevancy
  H: Hearsay
  A: Authenticity
  O: Other (specify)

4